# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **MELLACONIC IP LLC,** | Civil Action No.: 1:22-cv-01152 |
| Plaintiff, | |
| v. | **TRIAL BY JURY DEMANDED** |
| **MRI SOFTWARE LLC,** | |
| Defendant. | |

## COMPLAINT FOR INFRINGEMENT OF PATENT

Now comes Plaintiff, Mellaconic IP LLC ("Plaintiff" or "Mellaconic"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

### NATURE OF THE ACTION

1.  This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant MRI Software LLC (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No. 9,986,435 ("the '435 Patent" or the "Patent-in-Suit"), which is attached hereto as Exhibit A and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

### THE PARTIES

2.  Plaintiff is a Texas limited liability company with its principal place of business at 6009 West Parker Road – Suite 149-1027, Plano, Texas 75093.

3.  Upon information and belief, Defendant is a limited liability company organized under the laws of Delaware, having a principal place of business at 28925 Fountain Parkway,

Solon, Ohio 44139. Upon information and belief, Defendant may be served with process c/o National Registered Agents, Inc., 4400 Easton Commons Way – Suite 125, Columbus, Ohio 43219.

4. Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the website www.mrisoftware.com, which is in the business of providing communication services, amongst other things. Defendant derives a portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, its Internet website located at www.mrisoftware.com, and its incorporated and/or related systems (collectively the "Defendant Website"). Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the Defendant Website.

## JURISDICTION AND VENUE

5. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its incorporation in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other

persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this forum state and in this judicial District; and (iii) having a physical presence in this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant is incorporated in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its incorporation in this District.

## FACTUAL ALLEGATIONS

10. On May 29, 2018, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '435 Patent, entitled "AUTONOMOUS, NON-INTERACTIVE, CONTEXT-BASED SERVICES FOR CELLULAR PHONE" after a full and fair examination. The '435 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

11. Plaintiff is presently the owner of the '435 Patent, having received all right, title and interest in and to the '435 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '435 Patent, including the exclusive right to recover for past infringement.

12. To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.

13. The invention claimed in the '435 Patent comprises autonomous, non-interactive context-based services (beyond traditional telephony and personal information management applications) on a cellular phone.

14. Claim 1 of the '435 Patent recites a method to perform an action.

15. Claim 1 of the '435 Patent states:

> "1. A method to perform an action, comprising:
> receiving, by a first device located at a first geographical

3

        location, one or more messages that:
indicate geographical location information of a second device located at a second geographical location, and include a request for a first action to be performed by the first device, wherein the one or more messages are received from the second device, and wherein the geographical location information of the second device acts as authentication to allow the first action to be performed by the first device; and autonomously performing, based at least on the received one or more messages, by the first device, the authenticated first action." See Ex. A.

16. Further, these specific elements also accomplish these desired results to overcome the then existing problems in the relevant field of network communication systems. *Ancora Technologies, Inc. v. HTC America, Inc.*, 908 F.3d 1343, 1348 (Fed. Cir. 2018) (holding that improving computer security can be a non-abstract computer-functionality improvement if done by a specific technique that departs from earlier approaches to solve a specific computer problem). See also *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999 (Fed. Cir. 2018); *Core Wireless Licensing v. LG Elecs., Inc.*, 880 F.3d 1356 (Fed. Cir. 2018); *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299 (Fed. Cir. 2018); *Uniloc USA, Inc. v. LG Electronics USA, Inc.*, 957 F.3d 1303 (Fed. Cir. April 30, 2020).

17. Claims need not articulate the advantages of the claimed combinations to be eligible. *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1309 (Fed. Cir. 2020).

18. Based on the allegations, it must be accepted as true at this stage, that Claim 1 of the '435 Patent recites a specific, plausibly inventive way of a method to perform an action that is related to controlling a third device based on the received one or more messages. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019), *cert. denied sub nom. Garmin USA, Inc. v. Cellspin Soft, Inc.*, 140 S. Ct. 907, 205 L. Ed. 2d 459 (2020).

19. Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '435 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 1 of the '435 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a method that encompasses that which is covered by Claim 1 of the '435 Patent.

**DEFENDANT'S PRODUCT(S)**

20. Defendant offers solutions, such as "MRI Software Onlocation App" (the "Accused System"),[1] which discloses a method to perform an action (e.g., enabling user for sign in or sign out). A non-limiting and exemplary claim chart comparing the Accused System of Claim 1 of the '435 Patent is attached hereto as Exhibit B and is incorporated herein as if fully rewritten.

21. As recited in Claim 1, at least in internal testing and usage, the Accused System practices receiving, by a first device (e.g., MRI Software Onlocation App server) located at a first geographical location (e.g., geographical location of a MRI Software Onlocation App data centre), one or more messages (e.g., geolocation information messages from a mobile device enabled with MRI Software Onlocation App, messages with location updates from a mobile device enabled with MRI Software Onlocation App). See Ex. B.

22. As recited in one step of Claim 1, at least in internal testing and usage, the Accused System practices receiving, at a first device (e.g., MRI Software Onlocation App server), a message which indicates geographical location information (e.g., location of mobile device enabled with MRI Software Onlocation App) of a second device located at a second geographical location (e.g., mobile device enabled with MRI Software Onlocation App). For example, a device enabled with the MRI Software Onlocation App sends location information to an MRI Software

---

[1] The Accused System is just one of the products provided by Defendant, and Plaintiff's investigation is on-going to additional products to be included as an Accused System that may be added at a later date.

Onlocation App server which uses the location of user to allow the user for sign in or sign out. See Ex. B

23. As recited in another step of Claim 1, at least in internal testing and usage, the Accused System practices receiving, at a first device (e.g., MRI Software Onlocation App server), a message which includes a request (e.g., sign in or sign out request) for a first action (e.g., enabling user for sign in or sign out) to be performed by the first device (e.g., MRI Software Onlocation App server), wherein the one or more messages (e.g., messages with location updates from a mobile device enabled with MRI Software Onlocation App) are received from the second device (e.g., the mobile device enabled with MRI Software Onlocation App and wherein the geographical location information (e.g., location of mobile device enabled with MRI Software Onlocation App) of a second device (e.g., mobile device enabled with MRI Software Onlocation App) acts as authentication to allow the first action (e.g., location information will authenticate user for sign in, sign out, etc.) to be performed by the first device (e.g., MRI Software Onlocation App server). The location information of the second device (e.g., location of mobile enabled with MRI Software Onlocation App) acts as authentication to allow the first action (e.g., enabling user for sign in or sign out, etc.) because it permits the first device (e.g., MRI Software Onlocation App server) to perform the first action (e.g., enabling user for sign in or sign out, etc.). See Ex. B.

24. As recited in another step of Claim 1, at least in internal testing and usage, the Accused System practices autonomously performing, based at least on the received one or more messages (e.g., location information update related message), by the first device (e.g., MRI Software Onlocation App server), the authenticated first action (e.g., enabling user for sign in, sign out, etc.). For example, when a user with MRI Software Onlocation App installed enters or stays within certain area/geofence set by MRI Software Onlocation server's administrator, the

6

user will be able to sign in or sign out within the geofence whereas outside the geofence, clocking operations are prohibited.  See Ex. B.

25. The elements described in the preceding paragraphs are covered by at least Claim 1 of the '435 Patent. Thus, Defendant's use of the Accused System is enabled by the method described in the '435 Patent.

## INFRINGEMENT OF THE PATENT-IN-SUIT

26. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs.

27. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '435 Patent.

28. Defendant has had knowledge of infringement of the '435 Patent at least as of the service of the present Complaint.

29. Defendant has directly infringed and continues to directly infringe at least one claim of the '435 Patent by using, at least through internal testing or otherwise, the Accused System without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '435 Patent, Plaintiff has been and continues to be damaged.

30. Defendant has induced others to infringe the '435 Patent by encouraging infringement, knowing that the acts Defendant induced constituted patent infringement, and its encouraging acts actually resulted in direct patent infringement.

31. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '435 Patent, pursuant to 35 U.S.C. § 271.

32. Defendant has committed these acts of infringement without license or authorization.

33. As a result of Defendant's infringement of the '435 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

34. Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

35. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

36. Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have directly infringed the '435 Patent either literally or under the doctrine of equivalents;

b. An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

    c.   That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '435 Patent;

    d.  An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

    e.  An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

    f.   That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

    g.  That Plaintiff be granted such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: June 29, 2022 | Respectfully submitted,<br><br>SAND, SEBOLT & WERNOW CO., LPA<br><br>*/s/ Andrew S. Curfman*<br>Andrew S. Curfman (SBN 0090997)<br>Aegis Tower – Suite 1100<br>4940 Munson Street NW<br>Canton, Ohio 44718<br>Telephone: (330) 244-1174<br>Facsimile: (330) 244-1173<br>Email: andrew.curfman@sswip.com<br><br>ATTORNEYS FOR PLAINTIFF |